**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      v.<br><br>SGO CORPORATION LIMITED,<br><br>             Defendant. | Case No. 24-cr-20343 (KMW) |

**SGO CORPORATION LIMITED'S RENEWED MOTION TO**
**<u>DISMISS COUNTS 3-6 FOR INSUFFICIENT VENUE</u>**

For more than a year, even prior to the return of the Superseding Indictment, the defendants have consistently asserted that the money laundering counts are invalid and require dismissal, because the government has failed to allege any basis for hauling these defendants to *this* District on *these* charges. Counts 4, 5, and 6 each allege one of three specific wire transfers occurring on August 16, 22, and 31, 2016, each in the amount of $500,000, and sent from a "Hong Kong Bank Account . . . through an intermediary bank account in New York" and ultimately to a "Bank Account . . . in Singapore." DE 264 at 15–16. It is without dispute that none of the alleged transactions occurred in the Southern District of Florida; most charitably to the government, if they occurred in the United States at all, they occurred in New York.

Accordingly, on April 28, 2025, defendant Piñate first moved to dismiss counts 3–6 of the original indictment for lack of venue ("Piñate's Motion to Dismiss"), a motion later joined by defendants SGO and Jorge Vasquez. DE 320. At the May 6, 2026 hearing on the motion ("May 6 Hearing"), the Court ordered the government to "provide the Defendants with information on the alleged factual bases for venue in the Southern District of Florida for each defendant, pursuant to Defendant Piñate's Motion to Dismiss." DE 397 at 2.

On May 27, 2026, as opposed to providing the information to the defendants as it has done so in the past, the government publicly filed a Notice of Factual Bases for Venue in the Southern District of Florida (the "Venue Notice").  DE 409-1.  The Venue Notice is rife with errors,[1] conclusory statements, and prejudicial exaggerations,[2] and cites at least one document that appears to never have been produced to the defense.[3]  But more fundamentally, the Venue Notice underscores the Superseding Indictment's fatal deficiencies.  That is, the government, in its Venue Notice, makes clear three dispositive facts: (1) the alleged financial transactions never occurred in this District; (2) at the time of the alleged transactions, no defendant was present in this District; and (3) the government's *sole* basis for asserting venue is its assertion that at some point *prior* to the alleged transactions, Mr. Piñate and Mr. Vasquez happened to be, for a period of mere hours, in the District.  Critically, this Court ordered "the government to provide the defendants with information regarding the factual grounds alleged to establish venue in the Southern District of Florida with respect to each defendant. . . [s]uch information must include the acts performed in furtherance that support venue (***completed offenses and/or attempts pursuant to Section 1956(i)(1) and (2)***), as well as the facts establishing the presence of the individual defendants in the Southern District of Florida." DE 397 at 2 (emphasis added).  In its submission, the government continues to try to have it both ways; that is, it disregards the Court's instruction having identified not a single piece of information that clarifies its position as to whether it is alleging completed or attempted offenses. Thus, Defendants remain entirely in the dark as to how to defend against these improperly pled allegations.  What has become apparent is an identifiable pattern of government evasion that is entirely inconsistent with the behavior of a prosecution that is confident in its case.

---

[1] For example, the first document is wrongly dated.  *See* DE 409-1 at 1 (referring to Axiom ID 28895, the date of which is wrongly stated as May 4, 2016 and should instead be April 12, 2016).
[2] For example, the Venue Notice continues to refer to "fake" loan agreements.  DE 409-1 at 2.
[3] Axiom ID 35922.  *See* DE 409-1 at 5.

Here, the government has deprived Defendants of the essential transparency that is required to mount a meaningful defense.

As discussed below, these facts cannot support venue in this District, and SGO respectfully renews its request that this Court dismiss Counts 3–6 of the Superseding Indictment pursuant to Fed. R. Crim. P. 12(b)(3)(A)(i).

**ARGUMENT**

I.      The Superseding Indictment is Improperly Pled

Counts 3 and 4–6 are improperly pled and must be dismissed.  The government structured its Superseding Indictment purposefully, choosing to include a long list of alleged overt acts for its FCPA conspiracy charge (Count 1), but not to include, reference, or incorporate other counts, their allegations, or their overt acts to support the money laundering counts (Counts 3–6). Belatedly recognizing their failure to allege venue for the money laundering counts, the government is now attempting to rescue those counts in its Venue Notice by simply transporting the allegations from Count 1 into Counts 4–6.  *See* DE 409-1 at 1–3 (repeatedly referring the defendants back to Count 1's overt acts).

But it doesn't work that way.  Where, as here, "an indictment contains multiple counts, each count is viewed as a separate indictment for purposes of determining its sufficiency." *United States v. Smith*, 44 F.3d 1259, 1264 (4th Cir. 1995); *United States v. Hernandez*, 980 F.2d 868, 871 (2d Cir. 1992) (same).  To be sure, "[a]llegations made in one count *may* be incorporated by reference in another count," but allegations in one count are not automatically incorporated into other counts unless done so expressly.  *United States v. Schmitz*, 634 F.3d 1247, 1262 (11th Cir. 2011) (collecting cases); *United States v. Fulcher*, 626 F.2d 985, 988 (D.C. Cir.), *cert. denied*, 449 U.S. 839 (1980) (Each count of an indictment "must stand on its own, and cannot depend for its

3

validity on the allegations of any other count not specifically incorporated.").

If a count does not expressly incorporate allegations of another count, such allegations cannot be considered. *See United States v. Huff*, 512 F.2d 66, 69 (5th Cir. 1975) ("[T]he challenged count of the indictment alleges nothing more than an act which is legal. And such a failure to allege a crime cannot be remedied by proof or curative instructions which attempt to incorporate other counts not expressly referred to in the challenged count."); *United States v. Gordon*, 253 F.2d 177, 180 (7th Cir. 1958) ("The government points to the fact that counts 2 and 4 incorporate by reference the goods set forth in counts 1 and 3, and allege a value of more than $5,000. This allegation, while an aid to counts 2 and 4 is of no aid to 1 and 3, which, as noted, contain no reference to counts 2 and 4. . . . The issue is a failure to allege[.]").

The government's Venue Notice changes nothing about the Superseding Indictment's counts, each of which must be independently sufficient. The financial transactions charged in Counts 4–6 did not occur in this District in any way, and the Superseding Indictment offers no allegation sufficient to show that these alleged offenses occurred in this District. As a result, they must be dismissed.

II.     The Government's Recent Disclosures Make Clear Venue is Not Proper

Even if the government incorporated into the indictment the facts set out in its Venue Notice, venue would still not be proper for the substantive money laundering offenses alleged in Counts 4–6. For those counts, the government has attempted to allege the existence of a unified scheme by the defendants to transfer $1 million with the intent to "promote the carrying on" of a violation of the FCPA. It further alleges that this $1 million transfer was to be disguised as a "fake loan." Based on these assertions, the government brings three separate substantive money laundering counts tied to three wire transfers of $500,000 it claims were sent on August 16, 22,

and 31, 2016.[4]  DE 264 at 22–24; DE 409-1 at 1–3.

Having charged each separate wire transfer, the government assumes the burden of sufficiently pleading (and at trial proving) venue for each count.  *See Hernandez*, 980 F.2d at 868. Here, as the government's recent disclosures confirm, its venue theory for each count rests on the defendants having allegedly "conducted" each of those transactions in the District "participat[ing] in initiating" each transaction, as required for completed offenses under 18 U.S.C. § 1956(i)(1)(A), (c)(2).  Indeed, the government confirmed this for the Court at the May 6 hearing, explaining:

> Defendant Vasquez directed the vendor in this case, that one who actually made these or initiated these transactions, those **are directed from the Southern District of Florida**. . . .
>
> The Government, again, welcomes the burden of showing at trial that **the defendants in this case participated in initiating the transaction from the Southern District of Florida** and initiated the transactions from the Southern District of Florida. From the Southern District of Florida these defendants directed the vendor to pay a bribe to Defendant Bautista.

May 6 Hr'g Tr. 114:15–115:16.

The problem, however, is that even the government concedes that **none of the individual defendants was in the Southern District of Florida** at the time of any of the charged wire transfers on August 22, or 31, 2016.  As for Count 4, the government has not shown, as it must, that any of the defendants were in the district on August 16, 2016.  According to the government's own summary of DOJ-HSI-SR-0000000395, "AA travel record show[s] [that Mr.] Piñate depart[ed] [from] FLL to PHL on 8/16/16 at 10:10 am."  DE 409-1 at 2.  Similarly, according to the government, Mr. Vasquez's "flight departed at 9:20 am on 8/16/16 out of MIA."  *Id*.  Accordingly, even if the government had attempted to allege the facts set out in the Venue Notice, they still fall

---

[4] In yet another example of the government's evasion of its obligations to answer the precise questions asked, the government remains conspicuously silent as to the explanation of  the basis for alleging transfers totaling $1.5 million where the scheme it alleges centers on the transfer of $1 million.

far short of adequately alleging venue for the money laundering counts.

Finally, the government's Venue Notice references an exchange of messages among Mr. Piñate and Mr. Vasquez that the government claims related to the charged transfers and asserts that those messages were sent from this District.  Even accepting those allegations as true at this stage, as the Court must, they fall short.  Venue "is not proper in a district in which the only acts performed by the defendant were preparatory to the offense and not part of the offense."  *United States v. Beech–Nut Nutrition Corp.*, 871 F.2d 1181, 1190 (2d Cir. 1989); *see also United States v. Tzolov*, 642 F.3d 314, 318 (2d Cir. 2011) (holding that Eastern District of New York was not proper venue because boarding a plane to meet investors was a preparatory act to the securities fraud scheme and not an act constituting securities fraud itself).  Here, these alleged messages can be considered, at most, preparatory acts.  The discussions highlighted by the government are not among banks, controllers, or other individuals actively engaged in a transfer of any funds; on their face, they are rambling musings about banks, loans, and what *other people* may or may not do.  Section 1956 concerns the actual sending of a wire, not hypothetical talk about one.

## CONCLUSION

For the foregoing reasons, SGO respectfully renews its request that the Court dismiss Counts 3-6 of the Superseding Indictment for improper venue.

Date:   June 8, 2026

/s/ *Christopher C. Marquardt*
Jenny Kramer (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
90 Park Avenue
New York, NY 10016
Phone: (212) 210-9420
Jenny.Kramer@alston.com


Christopher C. Marquardt
1201 West Peachtree Street, NE
Atlanta, GA 30309-3424
Phone: (404) 881-7000
Chris.Marquardt@alston.com


*Counsel for SGO Corporation Limited*

7

8

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 8, 2026, I presented a hard copy of the foregoing to the

Clerk of the Court and provided electronic copies of the same to the corresponding parties.


*/s/ Christopher C. Marquardt*
  Christopher C. Marquardt
  ALSTON & BIRD LLP