**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CR-20343-KMW(s)**

**UNITED STATES OF AMERICA**

**vs.**

**SGO CORPORATION LIMITED,**
       **a/k/a, "Smartmatic,"**

              **Defendant.**
_____/

## RESPONSE TO RENEWED MOTION TO DISMISS FOR LACK OF VENUE

The United States respectfully opposes the renewed request by defendant SGO Corporation Limited ("SGO") to dismiss Counts 3-6 for "insufficient venue." DE 425. The Court already denied SGO's motion to dismiss for lack of venue (DE 150), having found that venue was sufficiently alleged. *See* DE 402, May 6, 2026 Hr'g Tr. 125:15-25. Since that finding, the government has provided a particularized recitation of its expected trial evidence — with bates numbers and corresponding acts (with descriptions and dates) in the Superseding Indictment (communications, travel records, and credit card statements) — identifying specific documents it intends to introduce to establish venue. *See* DE 409-1; *see* DE 402 Hr'g Tr. 115:24-116:2 (directing the government to particularize its proof, where not incorporated in specific paragraphs of the Superseding Indictment "of the overt acts and attendant directions, wires, [and the supporting] communi[cations]"). The government further specified with respect to Counts 4-6 that it intends to prove that the conduct for each substantive money laundering count constitutes an attempt or completed offense. *See* DE 409-1 at 3 (citing Eleventh Circuit Pattern Jury Instructions, Offense Instruction O74.3); *see also* Hr'g Tr. 118:19-24; 120:23 (directing the government to specify whether venue lies under a theory that "it was a completed or attempted

transaction" or "it can be both").  Nevertheless, SGO has filed another motion, misstating the relevant venue provisions and prematurely raising Rule 29 arguments.  The renewed motion should be denied.

SGO incorrectly contends that venue exists only where physical wire transfers originated or were routed, but the standard for venue under the relevant money laundering provisions has no such requirements.  As discussed during the motions hearing, with respect to the money laundering conspiracy charge (Count 3), "A prosecution for an attempt or conspiracy offense under this section or section 1957 may be brought in the district where venue would lie for the completed offense under paragraph (1), or in any other district where an act in furtherance of the attempt or conspiracy took place."  18 U.S.C. § 1956(i)(2).  The government has provided a detailed overview of predicate acts in furtherance of the attempt or conspiracy that took place here in the Southern District of Florida.  *See* DE 409-1.

For the substantive money laundering charges (Counts 4-6), venue is appropriate in "any district in which the financial or monetary transaction is conducted."  18 U.S.C. § 1956(i)(1)(A).  The statute broadly defines "conduct[ed]" as having "initiat[ed], conclude[ed], or participat[ed] in initiating, or conclud[ed] a transaction."  § 1956(c)(2).  The government has identified for SGO specific evidence of conduct in the Southern District of Florida directing the vendor to initiate the alleged bribe payments.  *See* DE 409-1; *see United States v. Golb*, 69 F.3d 1417, 1426 (9th Cir. 1995) (sufficient nexus for venue for money laundering charges between the transaction in California and the District of Arizona where defendant traveled from Phoenix and made two phone calls in Phoenix).  In addition, venue is likewise proper in this District because the defendants aided and abetted the wire transfers from here.  *See United States v. Stern*, No. 16-cr-525, 2017

WL 4676660, at *7 (S.D.N.Y. Oct. 17, 2017) (in a money laundering case, a defendant can be tried where accessorial acts were committed, citing 18 U.S.C. § 2(a)).

Finally, the defendant raises premature Rule 29 challenges to the sufficiency of the evidence, disputing travel times and flight schedules, as well as the date and nature of related communications, none of which call into question the adequacy of charges.[1]  "If a grand jury returns a facially valid indictment containing a proper statement of venue, pretrial determination of venue on the merits is improper because the issue is reserved for a jury's determination." *United States v. Ruiz-Murillo*, 736 F. App'x 812, 818 (11th Cir. 2018) (citing *United States v. Snipes*, 611 F.3d 855, 866-67 (11th Cir. 2010)); *see also United States v. Zarif*, No. 22-cr-392, 2023 WL 2837531, at *2 (M.D. Fla. Apr. 7, 2023) (finding proper an indictment merely alleging that an offense "took place '*in the Middle District of Florida* and elsewhere.'  Taking the allegations are true, as the Court must for purposes of these motions, the Government has alleged a sufficient basis for venue . . ., and the Defendant's pretrial challenge to venue must be denied").  The government will establish these facts and others at trial by a preponderance of the evidence — the standard to support venue.  *See United States v. Smith*, 918 F.2d 1551, 1557 (11th Cir. 1990).

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny the defendant's renewed motion.

---

[1] To resolve any confusion, as reflected in the Superseding Indictment (Overt Act 4) and Axiom ID 28895, on April 12, 2016, defendant Roger Piñate, using his personal email address, arranged a meeting in Weston, Florida between defendant Vasquez and co-conspirator Individual 1.  With respect to the nature of the loan to defendant Bautista, the government intends to prove at trial that the one million-dollar "loan" documentation prepared by SGO employees Piñate and Vasquez, between an SGO vendor and defendant Bautista's relative, is and always has been "fake," as described in the Rule 15 testimony of the SGO vendor's relative.  Lastly, the Axiom platform labeled the text message from American Airlines to Vasquez Axiom ID 35922.  An additional identifier for this item is Axiom ID 130963.

Respectfully submitted,

LORINDA I. LARYEA
Chief

JASON A. REDING QUIÑONES
United States Attorney

*/s/ Connor Mullin*
CONNOR MULLIN (A5503233)
JIL SIMON (A5502756)
Fraud Section, Criminal Division
U.S. Department of Justice
1400 New York Avenue NW
Washington, DC 20530
Tel: (202) 993-4828
Connor.Mullin2@usdoj.gov

*/s/ Robert J. Emery*
ROBERT J. EMERY
Assistant U.S. Attorney
Southern District of Florida
Court ID No. A5501892
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9421
Robert.Emery2@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via CM/ECF on June 18, 2026, and therefore on all counsel of record.

/s/ *Robert J. Emery*
Robert J. Emery
Assistant U.S. Attorney

4