**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

SGO CORPORATION LIMITED,

Defendant.

Case No. 24-cr-20343 (KMW)

**SGO CORPORATION'S STATUS REPORT**
**REGARDING THE COURT'S DISCOVERY ORDERS**

In advance of the Status Conference scheduled for September 16, 2026, SGO Corporation Limited ("SGO"), through undersigned counsel, respectfully submits this status report regarding the limited discovery ordered by this Court regarding SGO's motion to dismiss the indictment for vindictive and selective prosecution (Dkt. No. 351). On two occasions – in early May and early July – the Court ordered the parties to meet and confer regarding discovery. At this juncture, no progress has been made in fashioning the appropriate scope of discovery, because the government has refused to meaningfully engage with SGO.

The timeline here speaks for itself. On May 6, the Court delivered a clear instruction:

> The parties will meet and confer about potentially limited discovery on the issue. If there is no assent, then the defense will file a . . . motion for limited discovery, being particular about what it is you think you're entitled to and the Government will then tell me why they are or aren't and we can set that for a hearing. (May 6 Hearing Tr. 20:5-15.)

Several days later, on May 11, the Court adopted a scheduling order regarding discovery on SGO's motion (Dkt. No. 397). The order specifically imposed a deadline of May 20 for the parties to meet and confer, with deadlines for additional briefing if the parties could not come to an agreement.

Several hours after the Court's formal order, SGO's counsel sent the government, by e-mail, three discovery requests. The government did not respond for nine days. On May 20, the

Court's deadline, the government refused SGO's first discovery request and stated that the "case prosecutors" did not possess anything responsive to the second and third requests. The government did not provide a counter-proposal. On May 26, SGO filed a motion to compel (Dkt. No. 406).

On July 8, this Court held a status hearing. The Court observed that there had been no progress in determining the scope and breadth of discovery:

> I would ask that the parties have some discussion about a much more focused, narrowed, limited tranche of possible discovery. I don't expect that the Government is going to agree with everything, but I do think that they should be able to effectuate something that is of a more focused and limited nature. (July 8 Hearing Tr. 36:19-25.)

The following week, on July 14, the parties met and conferred; at the government's request, on July 16, SGO's counsel sent the government a list of proposed custodians and search terms. The government responded that it had received SGO's proposal. It did not respond substantively.

Two weeks later, on July 29, SGO's counsel emailed the government, stating: "Following up to the below, please confirm your agreement with the proposed limited scope of discovery or alternatively, provide proposals regarding the same." The government responded two days later, stating "We are discussing your proposal internally and will get back to you shortly." The government again did not respond substantively.

On August 13, SGO's counsel sent yet another follow-up email to the government. Five days later, on August 18, the government responded that "This request requires attention from our senior leadership and we are dealing with some August travel. We are working to get you a response as soon we can." Two-and-a-half weeks have now passed, and the government has not responded substantively, nor has the government indicated when it will produce discovery or what it will produce – an issue on which the Court ordered conferral in early May.

At the last hearing, this Court noted the delays that have necessitated another continuance of the trial and identified "the Government who has pretty much occasioned the problem" of delay. July 8 Hearing Tr. 4:5-6. It has now been four months since the Court first ordered limited discovery, and despite several oral and written orders requiring limited discovery, the government has yet to meaningfully engage with SGO's proposals. Instead, SGO is in the position of chasing government counsel for answers to a question that the government clearly would rather not address.

SGO will be prepared to address this issue at the September 16 status hearing.

Dated: September 4, 2026

Respectfully submitted,

/s/ Joseph M. Schuster, Esq.
Joseph M. Schuster, Esq.
101 N.W. 8th Street
Suite 200, Unit 12
Miami, FL 33136
Tel: 305-610-8330
Email: jschuster@sweetnamlaw.com
FL Bar No.: 0115812

/s/ Jenny Kramer
Jenny Kramer (admitted pro hac vice)
**ALSTON & BIRD LLP**
90 Park Avenue
New York, NY 10016
Phone: (212) 210-9420
Jenny.Kramer@alston.com

*Counsel for SGO Corporation Limited*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was filed via electronic filing using the CM/ECF system with the Clerk of Court which sent an e-mail notification of such filing to all CM/ECF participants on September 4, 2026.

*/s/ Joseph M. Schuster, Esq.*
Joseph M. Schuster, Esq.